[No. 9959.  Department Two.  May 7, 1912.]

THE STATE OF WASHINGTON, *on the Relation of J. B. Stanley, Appellant*, v. F. P. WITTER *et al., Respondents.*[1]

PHYSICIANS AND SURGEONS—LICENSE TO PRACTICE—PROCEEDINGS TO PROCURE—LOSS OF RECORD.  The loss or destruction of the statement of the medical board showing the grounds for its refusal of license to practice, required by Rem. & Bal. Code, § 8398, to be filed and kept of record, does not entitle an applicant to a rehearing, other records of the board showing the rejection and reasons therefor.

SAME—NOTICE.  Neither does failure to notify an applicant that a license has been refused entitle him to a rehearing.

Appeal from a judgment of the superior court for King county, Gay, J., entered April 17, 1911, upon findings in favor of the defendants, in mandamus proceedings, after a trial on the merits.  Affirmed.

*Troy & Sturdevant*, for appellant.

*Howard G. Cosgrove* and *Higgins, Hall & Halverstadt*, for respondents.

PER CURIAM.—This is a proceeding in mandamus, brought by the relator against the board of medical examiners of the

[1]Reported in 123 Pac. 471.

state of Washington, to compel them to act upon the application of the relator for a license to practice osteopathy in the state of Washington, and to make and file a decision upon such application, and notify the relator thereof. In his affidavit for the writ, the relator alleges that he made application to the board of medical examiners for such a license on June 26, 1909, accompanying his application with competent proof of his good moral character and of his right to such a license, but that the board had neglected and failed to act upon his application, and had failed and neglected to render a decision on his application and file the same in the office of the secretary of such board, as they were required to do by the statutes.

In the return to the alternative writ served upon them, the board denied that they had neglected or refused to pass on the relator's application or notify him of their action thereon, but alleged that, on the contrary, they had duly considered his application at the next regular meeting subsequent to its presentation, and at such meeting, to wit, on July 10, 1909, had denied the application, and filed in the office of the secretary of the board its decision in writing, which decision contained a brief and concise statement of the grounds and reasons for such refusal, namely, that the applicant had failed to file a diploma from any legally chartered college of osteopathy showing the applicant's graduation therefrom; and had also endorsed on the back of the application filed by the relator the fact that the same had been rejected and the reason therefor, which application, with the notice endorsed thereon, has at all times been on file in the office of the secretary of the board, as a part of the records therein.

Issue was taken on the new matter in the return, and a hearing had at which each side offered evidence to support their respective contentions. At the conclusion of the hearing the trial court refused to grant a peremptory writ, and

dismissed the proceedings. The relator prosecutes this appeal.

The statute provides, Rem. & Bal. Code, § 8398, that in case of a refusal of a license by the medical board, the board shall file a brief and concise statement of the grounds and reasons for such refusal in the office of its secretary, "which statement together with the decision of said board in writing, shall remain of record in said office." The records of the medical board fail to show any formal decision of the board other than the endorsement on the back of the relator's application above referred to, and it is for this reason that the relator considers that his application has never been acted upon by the board, and that he is now entitled to have such a decision filed. But notwithstanding the records of the medical board now fail to show formal decision on file, we think the board did its full duty in regard to the relator's application. It was testified by the board's then secretary that a formal decision such as the relator contends should have been prepared and filed was actually prepared by the board and filed; that, at the time the relator made application, some two hundred and eighty-five other persons made application also, all of whose applications were passed upon by the board at the same meeting; that he directed his clerk to prepare the formal finding of the board, and after they were so filed he signed the same and "checked them up on the books to see that she had made out one for each applicant;" that these records were on file in his office as long as he remained secretary, and were taken away by persons "sent by the board to pack them up and take them away." The decision seems subsequently to have been lost or misplaced, but the fact does not entitle the relator to have the board act upon his application as if in the first instance. If his rights are in any way jeopardized by the destruction of the paper, he possibly could, by proper procedure, have the same restored, but the destruction of the paper does not entitle him to have the board act anew upon his application. The relator has in no wise

been deceived by the loss or destruction of the formal decision. The board's records otherwise showed that the relator's application had been rejected, and the reason for its rejection, and the relator had only to inquire of the secretary of the board to ascertain the facts.

The relator complains that no notice of the rejection of his application was sent him. The secretary disputes this contention also, but conceding that the relator received no such notice, the fact does not affect the issuance of this writ. The relator is not now entitled to have further action on his application by the board simply because no notice was sent him of its original action. If notice was necessary to start the running of the time within which he must appeal from the decision of the board, failure to give the notice would simply extend indefinitely that time; it would not entitle the relator to force the board to rehear his application.

On any view of the case, therefore, we think the appeal was properly dismissed.

The order will be affirmed.